State of Wisconsin, Plaintiff-Respondent,
v.
Anthony Watkins, Defendant-Appellant.
No. 04-2377-CR
Court of Appeals of Wisconsin.
Opinion Filed: February 1, 2005.
¶1 WEDEMEYER, P.J.[1]
Anthony Watkins appeals from a judgment entered after a jury found him guilty of one count of disorderly conduct, contrary to WIS. STAT. § 947.01 (2003-04).[2] Watkins contends that the trial court erroneously exercised its discretion when it denied his request for a jury instruction on provocation. Because the trial court did not erroneously exercise its discretion in denying Watkins' request, this court affirms.

BACKGROUND
¶2 On March 28, 2003, City of Milwaukee Police Officers Michael Lutz and Jason R. Mucha were patrolling the area of 27th and Wright Streets. The officers testified to the following facts. There is a gas station located on the northeast corner, which is well known as a place where drug dealing and violent crime take place. Several shootings have occurred there. The officers were concentrating on the gas station lot. As they made a pass, they noticed Watkins standing in the alley across the street from the gas station. The officers continued their patrol.
¶3 Fifteen minutes later, the officers again passed by the gas station. They observed Watkins still standing in the same spot in the alley across the street from the gas station. The officers then saw a female walking from the gas station toward Watkins with money in her hand. Watkins at first motioned her toward him and then he pointed at the police car and motioned for her to go away. The female turned and quickly walked away.
¶4 The police officers then exited their vehicle and approached Watkins to question him about the female and why he had been standing in the alley for fifteen minutes. As the officers approached, Watkins provided his identification information to them. A dispute arose as to why the officers were questioning Watkins. Watkins alleged that the police had been harassing him by stopping him repeatedly for no reason. Watkins started yelling and using profanity and threats. He threatened to kill both police officers. The officers attempted to perform a patdown search and a scuffle ensued. The officers struck Watkins with a police baton to subdue him. Watkins continued yelling, encouraging people to gather around. A rather substantial crowd formed and the officers called for backup.
¶5 Watkins continued yelling and refused to get into the squad car. He was eventually removed from the scene in a paddy wagon and charged with disorderly conduct. He pled not guilty and the case was tried to a jury. At the conclusion of the case, Watkins requested that the trial court instruct the jury on provocation. The trial court denied the request. The jury found Watkins guilty and he was sentenced to sixty days in the House of Correction. Watkins now appeals.

DISCUSSION
¶6 Watkins argues that the trial court erroneously exercised its discretion when it denied his request for a provocation instruction. The trial court ruled that the statute precluded giving the instruction and that there was no evidence in the record to support givi ng the instruction. In reviewing a jury instruction issue, this court's analysis is limited to determining whether the trial court erroneously exercised its discretion. If the instructions adequately cover the law applicable to the facts, this court will not find error in the refusal to give a special instruction. See State v. Lenarchick, 74 Wis. 2d 425, 454-55, 247 N.W.2d 80 (1976). This court will not reverse a trial court's failure to include a requested instruction unless the failure was prejudicial to the defendant. Id. at 455.
¶7 In its response brief, the State offers a variety of reasons for this court to affirm the trial court's decision: (1) Watkins failed to provide language for a provocation instruction; (2) the statutory provocation instruction found in WIS. STAT . §939.44 applies only to first-degree intentional homicide; (3) selfdefense instructions do not apply in this case because Watkins was not charged or convicted of a physical assault of any kind; (4) a provocation theory is not supported by the evidence; (5) there is no legal theory for the defense of provocation in a disorderly conduct case; and (6) this case is distinguishable from the civil action case Watkins relies on, Lane v. Collins, 29 Wis. 2d 66, 138 N.W.2d 264 (1965).
¶8 Watkins did not file a reply brief in this case. Thus, this court could summarily reject his claim on the ground that he concedes to the State's position proffered in its response brief. See Charolais Breeding Ranches, Ltd. v. FPC Sec., 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979) (arguments not refuted are taken as confessed). To prevent additional litigation in this matter, however, this court addresses the merits of Watkins' claim.
¶9 The trial court denied the requested instruction because there was no evidence in the record to support giving the instruction. In other words, Watkins failed to introduce any evidence indicating that the police officers provoked him into acting in a disorderly way. This court concludes that the trial court did not erroneously exercise its discretion when it made that ruling.
¶10 Although defense counsel indicated during opening statements that he intended to show Watkins was provoked by police into a breach of the peace, there was no evidence admitted supporting counsel's assertion. Watkins seems to suggest that prior "harassment" with the police, and Watkins' claim that the police said, "hey, it's you again," when they approached him is sufficient evidence to support a provocation instruction. The trial court disagreed. This court agrees that the trial court's decision was correct.
¶11 Watkins did not present any evidence that the police had specifically targeted or harassed him, aside from his own self-serving conclusory statements. There is nothing in the evidence to show that the police officers provoked Watkins into acting disorderly so that they could arrest him for disorderly conduct. There was a dispute as to whether the police said, "hey, it's you again," when they approached Watkins but, even assuming they did, this is insufficient to satisfy the definition of provocation. This comment cannot be taken to incite anger, stimulate profanity, threats or a struggle. Accordingly, this court agrees with the trial court that Watkins failed to present any evidence justifying a provocation instruction.[3] Therefore, the trial court did not erroneously exercise its discretion when it denied Watkins' request for the special instruction.
By the Court.  Judgment affirmed.
NOTES
[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2003-04).
[2] All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.
[3] This decision addresses the sufficiency of the evidence without deciding whether the theory of provocation is permitted in a disorderly conduct case. Because the case has been decided on this ground, it is not necessary to address the State's various other reasons to affirm.